**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 24-cv-01750-NYW

SHERRY MCGANN,

    Plaintiff,

v.

GEOFFREY GORMAN,

    Defendant.

---

## ORDER OF DISMISSAL

---

This matter is before the Court on Plaintiff's Response to Order to Show Cause. [Doc. 16].  The Court construes Plaintiff's Response liberally due to Plaintiff's pro se status. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).  However, the Court cannot and does not act as Plaintiff's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

Plaintiff initiated this civil action on June 24, 2024, [Doc. 1], and filed her Amended Complaint that same day, [Doc. 7]; *see also* [Doc. 6 (the Honorable Susan Prose directing Plaintiff to cure deficiencies in her original pleading)].  On July 10, 2024, this Court ordered Plaintiff to show cause why this case should not be dismissed without prejudice for want of subject matter jurisdiction.  [Doc. 15].  Specifically, the Court noted that while Plaintiff's Amended Complaint asserts that this Court has jurisdiction pursuant to both 28 U.S.C.

§ 1331 and 28 U.S.C. § 1332, *see* [Doc. 7 at 2], the allegations in the Amended Complaint are insufficient to establish the Court's jurisdiction on either basis. As for federal question jurisdiction, the Court observed that Plaintiff asserts one defamation claim and one harassment claim, and that neither of these claims plainly arise under federal law. [Doc. 15 at 2–3]. And with respect to diversity jurisdiction, the Court noted that Plaintiff had failed to affirmatively allege Defendant's state of citizenship. [*Id.* at 4]. The Court explained to Plaintiff that allegations of citizenship must be alleged affirmatively and cannot be established by inference. [*Id.*]. In addition, the Court informed Plaintiff that her allegations of Defendant's residence are insufficient to establish Defendant's state of citizenship for purposes of § 1332. [*Id.* at 4–5]. The Court instructed Plaintiff that "in order to adequately plead Defendant's citizenship, [she] must affirmatively allege a specific state in which Defendant is domiciled." [*Id.* at 5]. Hours after the Court issued its Order to Show Cause, Plaintiff filed her Response to Order to Show Cause.[1] [Doc. 16].

**Federal Question Jurisdiction.** With respect to federal question jurisdiction under § 1331, Plaintiff states that "[w]hile she acknowledges that the claims for defamation and harassment typically arise under state law," she "respectfully requests the Court to consider the federal implications and substantial federal questions involved, including potential violations of federal cyberstalking laws under 18 U.S.C. § 2261A." [*Id.* at 1]. She asserts that her claims are based on Defendant's "use of interstate communications, including social media and electronic mail, to harass and defame

---

[1] The Court set a deadline of July 24, 2024 for Plaintiff to respond to the Order to Show Cause. [Doc. 15 at 5]. Even after receiving Plaintiff's Response, [Doc. 16], this Court delayed ruling until after the expiration of that deadline out of an abundance of caution. Plaintiff made no further substantive filings by the July 24 deadline.

Plaintiff," and she argues that these allegations "raise[] substantial federal questions under the First Amendment and federal statutes aimed at preventing cyberstalking and harassment." [*Id.* at 2].

"Under the longstanding well-pleaded complaint rule . . . a suit arises under federal law," for purposes of § 1331, "only when the plaintiff's statement of [her] own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (cleaned up). "For statutory purposes, a case can 'arise under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (cleaned up). But even where a claim is based in state law, the Supreme Court "ha[s] identified a 'special and small category' of cases in which arising under jurisdiction still lies." *Id.* at 258 (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Specifically, state law claims that raise a substantial question of federal law may be sufficient to establish federal question jurisdiction. *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). "To invoke this so-called 'substantial question' branch of federal question jurisdiction," the party invoking the federal court's jurisdiction must establish that "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, 770 F.3d 944, 947 (10th Cir. 2014) (quoting *Gunn*, 568 U.S. at 258).

3

This "substantial question" branch of cases has "narrow boundaries." *Id.*; *see also Gilmore v. Weatherford*, 694 F.3d 1160, 1171 (10th Cir. 2012) ("[T]his branch of arising-under jurisdiction is a slim one."). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Becker*, 770 F.3d at 947 (quotation omitted).

While Plaintiff's Response could be construed as invoking the substantial questions doctrine, *see* [Doc. 16 at 2], she has not met her burden of demonstrating that this doctrine applies here, as she does not address the four factors required to establish application of the doctrine, *see Becker*, 770 F.3d at 947. The Court cannot act as Plaintiff's advocate or raise arguments on her behalf. *Hall*, 935 F.2d at 1110.

Moreover, the bases supporting Plaintiff's invocation of federal jurisdiction do not persuade the Court that federal question jurisdiction exists here. First, Plaintiff contends that this case raises substantial First Amendment questions. [Doc. 16 at 2]. However, "there is nothing in the First Amendment to create a private cause of action for . . . defamation." *Sonnier v. Roman Cath. Diocese of Lafayette*, No. 6:16-cv-01229, 2017 WL 778153, at *4 (W.D. La. Jan. 18, 2017), *report and recommendation adopted*, 2017 WL 778003 (W.D. La. Feb. 24, 2017). And the fact that Plaintiff's defamation claim necessarily involves allegations about speech is insufficient to create a substantial First Amendment question. *See Lynn v. Brown*, 803 F. App'x 156, 159 (10th Cir. 2020) (rejecting argument that state-law defamation claim "echoed in federal law under the First Amendment"); *see also Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 804 (2019) (explaining that "[t]he Free Speech Clause of the First Amendment constrains governmental actors and protects private actors"). Plaintiff's Amended Complaint does

4

not allege that Defendant is a government actor; rather, she alleges that Defendant "was employed by Plaintiff as a 1099 contractor in 2021" and that, after Plaintiff terminated his employment, "Defendant has engaged in continuous harassment and defamation of Plaintiff through social media and email." [Doc. 7 at ¶¶ 1, 4]. For these reasons, Plaintiff has not established that substantial First Amendment questions exist in this case.

Nor can Plaintiff rely on the existence of federal *criminal* statutes as a basis for jurisdiction in this *civil* case. "Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action." *LaHue v. Smith*, No. 2:23-cv-2141-HLT-ADM, 2023 WL 5959832, *3 (D. Kan. Aug. 22, 2023) (quoting *ManorCare of Easton PA LLC v. Estate of Nagy*, No. 5:13-cv-5957, 2017 WL 4347624, at *4 (E.D. Pa. Sept. 29, 2017)), *report and recommendation adopted*, No. 2:23-cv-02141-HLT-ADM, 2023 WL 5952017 (D. Kan. Sept. 13, 2023); *see also Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("A private citizen lacks a judicially cognizable interests in the prosecution or nonprosecution of another." (quotation omitted)); *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) ("[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." (quotation omitted)); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims alleging violations of "criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action").

The Court must exercise "prudence and restraint" in conducting the substantial-question analysis. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). Plaintiff has not demonstrated that a federal question is an essential element of Plaintiff's claims, let alone a substantial one. Accordingly, the Court is respectfully unpersuaded by

5

Plaintiff's arguments suggesting that this Court has federal question jurisdiction under 28 U.S.C. § 1331.

***Diversity Jurisdiction.*** Plaintiff also maintains that this Court has subject matter jurisdiction under § 1332, arguing that she "reasonably believes that Defendant, Geoffrey Gorman, is not a resident of Colorado" because Defendant has no fixed address in Colorado and "has not been physically present in Colorado for a significant duration since his employment was terminated." [Doc. 16 at 2]. She states that she has had difficulty in ascertaining Defendant's "exact domicile," but "it is believed that Defendant is domiciled outside of Colorado." [*Id.* at 2–3].

For the reasons explained in the Court's Order to Show Cause, Plaintiff's allegations and additional assertions in her Response are insufficient to establish diversity jurisdiction. "Allegations supporting diversity jurisdiction must be pleaded affirmatively," *Okland Oil Co. v. Knight*, 92 F. App'x 589, 608 (10th Cir. 2003), not by argument or inference, *Fifth Third Bank v. Flatrock 3, LLC*, No. 09-cv-06051-DMC-JAD, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010). As previously explained by the Court, it is not enough for Plaintiff to assert that Defendant is domiciled outside of Colorado; she must specifically identify the state in which he is domiciled to adequately establish complete diversity of citizenship in this case. *See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir. 2011); *see also* Wright & Miller, 13E Fed. Practice & Procedure § 3611 (3d ed. June 2024 update) (explaining that "a negative statement that a party is not a citizen of a particular state" is usually insufficient to establish subject matter jurisdiction).

While the Court understands that Ms. McGann has had difficulties affirmatively identifying Defendant's state of citizenship, any such difficulties do not negate the requirements of the statutes governing federal court jurisdiction. And her pro status does not exempt her from complying with the laws and rules that govern all civil actions, *McNeil v. United States*, 508 U.S. 106, 113 (1993), including the requirement that she establish this Court's subject matter jurisdiction over her case, *Kline v. Biles*, 861 F.3d 1177, 1180 (10th Cir. 2017). Because Plaintiff's allegations are insufficient to establish complete diversity of citizenship, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in [her] favor must allege in [her] pleading the facts essential to show jurisdiction." (quotations omitted)), the Court is unable to conclude that it has subject matter jurisdiction under § 1332.

In its Order to Show Cause, the Court expressly advised Plaintiff that her failure to adequately establish subject matter jurisdiction by the Court's deadline may result in the Court dismissing the case without prejudice and without further warning. [Doc. 15 at 6]. Because Plaintiff has not established this Court's subject matter jurisdiction after having multiple opportunities to do so, the Court finds it in the interest of judicial economy to **DISMISS** this case **without prejudice** for lack of subject matter jurisdiction.

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)    The Order to Show Cause [Doc. 15] is **MADE ABSOLUTE**;

(2)    Plaintiff's Motion for Alternative Service [Doc. 2] and Motion for Summary Judgment and Proof of Service [Doc. 3] are **DENIED as MOOT**;

(3)    This case is **DISMISSED without prejudice** for lack of subject matter

      jurisdiction; and

(4)    The Clerk of Court is **DIRECTED** to close this case.

DATED: July 25, 2024                      BY THE COURT:

                                                        _____
                                                         Nina Y. Wang
                                                         United States District Judge